UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL No. 9:96cr22 |
| BOBBY COOPER | § | |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On June 22, 2005, a hearing was held on the Government's Motion to Revoke the Supervised Release of the above named defendant. The Government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and the defendant was represented by his attorney, Ryan Deaton, of Lufkin, Texas.

The defendant was originally sentenced on May 27, 1997, before The Honorable Thad Heartfield of the Eastern District of Texas for the offense of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1).   The defendant was subsequently sentenced to 121 months imprisonment and 60 months supervised release subject to the standard conditions of release, in addition to special conditions that included drug and alcohol treatment.  On August 6, 2004, the defendant completed his period of imprisonment and began service of the supervision term.

The Government brings this petition for revocation of the defendant's Supervised Release, alleging that the defendant violated several conditions of his supervised release. The first charge is that he failed to report arrest within 72 hours.  That is a standard condition of release. On May 18, 2005, Mr. Cooper was arrested by Lufkin, Texas police and failed to report this arrest to the US

Probation Office.  The second charge is that Mr. Cooper left the judicial district of the Southern District of Texas without permission of the Court or probation officer. That is also a standard condition.  On May 19, 2005, the probation office learned of Mr. Cooper's arrest in Lufkin on May 18, 2005, thereby knowing that the defendant was outside of the Southern District, and he did not seek permission to do so.  The third charge, alleging that the defendant used and/or possessed a controlled substance was dismissed by the government at the June 22, 2005 revocation hearing.

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision.  The maximum statutorily authorized sentence for each of the two alleged violations, based on the grade of the underlying offense, is five years imprisonment.

The government and the defendant agreed that if the defendant pled true to the two violations of his terms of supervised release as stated above, they would jointly recommend that the defendant remain on the conditions of release to which he was originally subject, as well as recommend that the defendant receive credit for the time served since his arrest on June 7, 2005. The parties also agreed that the defendant was to be returned to the Southern District of Texas in order to continue his release on those conditions.  As stated above, the government also agreed to dismiss the third charge, alleging use and/or possession of a controlled substance.  The defendant pled true to violating the conditions of release by failing to report his May 18, 2005 arrest and also by leaving the judicial district of the Southern District of Texas without permission of the Court or probation officer, stemming from his May 18, 2005 arrest in Lufkin, Texas.

The Court finds that the defendant's plea was made freely and voluntarily and that the defendant is competent to enter this plea. The Government recommended that the defendant's conditions of release not be revoked and that the defendant be given credit for time served since his arrest on June 7, 2005. As stated above, the parties agreed to this recommendation. Furthermore, the defendant waived his right to a probable cause and detention hearing, as well as his right to appear at the sentencing hearing.

Pursuant to the Sentencing Reform Act of 1984 it is the recommendation of the Court that the defendant, Bobby Cooper, not have his supervised release revoked and that he be continued on his previous conditions of release, being given credit for time served since his arrest on June 7, 2005.

**SIGNED** this **23** day of **June, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE